**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3707-20

TIMOTHY J. KANE IV,[1]

     Plaintiff-Appellant,

v.

FRANKLIN TOWNSHIP,
SOMERSET COUNTY and
CEREZA MORALES,
Zoning Inspector, FRANKLIN
TOWNSHIP,

     Defendants-Respondents.

_____

Argued June 21, 2022 – Decided July 13, 2022

Before Judges Fisher and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0301-21.

Timothy J. Kane IV, appellant, argued the cause pro se.

Steven A. Unterburger argued the cause for respondents (Methfessel & Werbel, attorneys; Eric L. Harrison, on the brief).

---

[1] "IV" was included in appellant's name pursuant to judge's preference.

PER CURIAM

Plaintiff Timothy J. Kane IV, who is self-represented, appeals from a July 23, 2021 Law Division order granting defendants Franklin Township (Township) and Cereza Morales's motion to dismiss the complaint with prejudice. In his complaint, plaintiff alleged the Township failed to enforce zoning regulations and permitted his neighbor to operate an illegal landscaping business in a non-commercial zone. We affirm.

I.

We derive the following facts from the record. Plaintiff owns 103 Highland Avenue in the Township, which is located in a residential zone. He contends his next door neighbor located at 101 Highland Avenue operates "an illegal landscaping business," which creates a "high noise level" from "diesel trucks, industrial lawnmowers, log splitting[,] and leaf blowing."

On September 21, 2017,[2] plaintiff filed a complaint with Morales, the Township's zoning officer, about the noise. On March 27, 2018, a zoning violation was issued for 101 Highland Avenue providing all business must cease or a summons would follow. On October 23, 2019, a second zoning violation

_____

[2] Plaintiff mistakenly claims his noise complaint was filed on September 21, 2020.

was issued.[3]  Plaintiff claims the Township never issued a summons, and 101 Highland Avenue's excessive noise level resulting from its illegal landscaping activities has infringed upon his enjoyment of his property.

In his nine-count complaint filed on March 2, 2021, plaintiff alleged due process violations of the United States and New Jersey constitutions; the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2; the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -136; and the federal Clean Air Act, 42 U.S.C.A. §§ 7401 to 7671(q).[4]  He also alleged the Township is vicariously liable for the actions of its employees under the doctrine of respondeat superior and for intentional infliction of emotional distress.  Defendants filed a motion in lieu of an answer to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e).  Plaintiff opposed defendants' motion.

On July 23, 2021, the trial court conducted oral argument on defendants' motion.  Following argument, the court expressed to plaintiff that his allegations should be handled by filing a new action in lieu of prerogative writs:

> [T]hat's designed so that a citizen like yourself, who believes that a municipal or a governmental entity should be doing A, B, C, or D and they're not doing A,

---

[3]  The trial court noted the second issuance was dated November 6, 2019.

[4]  Plaintiff also alleged there were violations of the "New Jersey Clean Air Act" in count eight of his complaint.  No such Act exists.

B, C, or D, or that their action or their inaction has damaged the citizen, then they file for a prerogative writ, and that's essentially what you're trying to do with this lawsuit, but the causes of action, right, each of the counts of this complaint are, lawyers call them causes of action, they're theories, are all theories which do not fit your situation.

The court granted defendants' motion and dismissed the complaint with prejudice. A memorializing order was entered. Plaintiff's motion for a stay pending appeal pursuant to Rule 2:9-5 was denied. This appeal followed.

Plaintiff presents the following arguments for our consideration:

(1) the complaint set forth facts that states a claim for relief; and

(2) a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e) should be decided on the same basis as a motion for summary judgment pursuant to Rule 4:46-2.[5]

II.

We use a de novo standard to review the dismissal of a complaint for failure to state a claim. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 108 (2019). We apply the same standard under Rule 4:6-2(e) that governed the motion judge and look to "the legal

_____

[5] In his appellate brief, plaintiff actually presents two issues, both labeled "Point 1." Plaintiff includes the first point under his "Legal Analysis" section and the second point under his "Legal Argument" section.

4

sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). We are limited to reviewing "the pleading themselves." Roa v. Roa, 200 N.J. 555, 562 (2010). "'At this preliminary stage of the litigation the [judge] is not concerned with the ability of plaintiff[] to prove the allegation[s] contained in the complaint' and the plaintiff is 'entitled to every reasonable inference of fact.'" Dimitrakopoulos, 237 N.J. at 107 (quoting Printing Mart-Morristown, 116 N.J. at 746). However, "if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Ibid. Using this standard, we review dismissal of plaintiff's claims.

The record amply supports the trial court's conclusion that the complaint fails to state a claim upon which relief can be granted. Counts one and five of the complaint allege defendants' inaction violated plaintiff's right of "enjoyment of his property." Neither the federal nor State constitutions afford such a right warranting dismissal of those two counts.

In counts two and four of the complaint, plaintiff alleges defendants were obligated to conduct a hearing and present witnesses and evidence. Plaintiff asserts defendants' failure to conduct such a hearing violated due process and the legislative intent of the MLUL. We disagree.

A-3707-20

The MLUL "deals with the powers of a zoning board and actions of a zoning board." But, plaintiff's complaint does not allege the Township's zoning board failed to follow the necessary procedures required to zone, rezone, or grant a variance to a particular parcel of property. Rather, the complaint merely alleges the zoning board failed to enforce the Township's zoning scheme by "permitting" a commercial business to operate in a non-commercial zone. Therefore, the trial court was correct in its analysis and counts two and four of the complaint were properly dismissed.

Procedural due process requires an agency to follow procedural requirements prior to making a binding legal determination, which directly affects the legal rights of a party. Here, plaintiff does not have any legal rights in the property at issue—101 Highland Avenue. The court aptly noted, "[If] the municipality simply fined your neighbor without issuing a summons, without letting him go to the municipal court, et cetera, he would have standing for procedural due process, [but] you don't have any, you don't have any interest in that property." Rather, plaintiff's allegations of inaction would better "be addressed through an action in lieu of prerogative writ." Consequently, there was no deprivation of procedural due process and counts two and four of the complaint were properly dismissed.

A-3707-20

In count three of the complaint, plaintiff alleges the Township is responsible under the doctrine of respondeat superior for the "wrongful acts" of its employees. Under this maxim, a master can be held liable in certain cases for the wrongful acts of an agent or employee. See Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc., 466 N.J. Super. 126, 132 (App. Div. 2021). Respondeat superior only applies if a master/servant relationship existed at the time of the event in question. Plaintiff must first prove a cause of action involving a tortious act was committed by one or more of the defendant's employees. Here, since plaintiff has failed to establish this threshold showing, count three alleging respondeat superior was duly dismissed.

In count six, plaintiff sought the remedy of equitable relief but did not specify the type of equitable relief sought. Typically, equitable relief is sought in the form of an injunction or specific performance instead of monetary damages. See REMEDY Black's Law Dictionary (11th ed. 2019); see e.g., Moynihan v. Lynch, 250 N.J. 60 (2022) (requesting, in part, performance of the parties' oral and written agreements). Since plaintiff did not articulate a basis for equitable relief, count six was properly dismissed.

A-3707-20

Count seven of plaintiff's complaint alleges defendants' inaction created a nuisance, which affects his property. In this State, there are two types of nuisance claims: (1) private; and (2) public.

Private nuisance claims require an unreasonable interference in a person's private use and enjoyment of their land, either intentionally or negligently. Ross v. Lowitz, 222 N.J. 494, 505 (2015). Private nuisance requires the person's conduct to be the legal cause of the nuisance. See Id. at 505-06. As correctly highlighted by the trial court, the legal cause of plaintiff's nuisance is his neighbor and not defendants, who have no ownership interest in 101 Highland Avenue. "[T]he [T]ownship is not creating the noise, the [T]ownship is not running the landscape business."

In contrast, public nuisance claims involve "an unreasonable interference with a right common to the general public." In re Lead Paint Litig., 191 N.J. 405, 425 (2007) (internal quotation marks omitted). "[A]n interference with a right merely enjoyed by a large number of people," is not alone a public nuisance. See Id. at 426 (noting polluting a stream is not a public nuisance unless "the pollution prevents the use of a public bathing beach or kills the fish in a navigable stream and so deprives all members of the community of the[ir] right" (internal quotation marks omitted)). Furthermore, a public nuisance must

A-3707-20

be "related to conduct, performed in a location within the actor's control." Id. at 429. As such, count seven does not state a claim, private or public, that supports relief, and it was appropriately dismissed.

Count nine of plaintiff's complaint alleges defendants' inactions intentionally inflicted emotional distress upon him. In dismissing count nine, the trial court found a public entity may not be liable for the intentional misconduct of its employees pursuant to the Tort Claims Act (TCA), N.J.S.A. 59:2-10.

The TCA "reestablished the rule of immunity for public entities and public employees, with certain limited exceptions." Marcinczyk v. N.J. Police Training Comm'n, 203 N.J. 586, 594-95 (2010). As the statute abrogates sovereign immunity, "the [TCA] is strictly construed to permit lawsuits only where specifically delineated." Gerber ex. rel. Gerber v. Springfield Bd. of Educ., 328 N.J. Super. 24, 34 (App. Div. 2000). Moreover, the statute provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J.S.A. 59:2-10. The TCA additionally provides "[n]othing in [the TCA] shall exonerate a public employee from liability if it is established that his [or her]

conduct was outside the scope of his [or her] employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14(a).

When the statute permits a lawsuit against a public entity or public employee, the claim must be brought against the public entity or public employee in accordance with the procedure set forth in the statute. N.J.S.A. 59:8-3. That procedure requires a claimant give notice to the public entity no later than ninety days after the "accrual of the cause of action." N.J.S.A. 59:8-8. After six months from the date the notice of the claim is received, the claimant may file suit with the appropriate court. Ibid. The TCA further provides that a claimant is "forever barred" from recovering against the public entity or public employee if the claimant does not file notice with the public entity within the ninety days, two years have elapsed since the accrual of the claim, or the claimant entered into a settlement with respect to the claim. Ibid.

Our Supreme Court has also held although the TCA provides that a public employee is not immune if his or her conduct constituted a crime, actual fraud, actual malice, or willful misconduct, "that provision must be read together with the overall mandate of N.J.S.A. 59:8-3," requiring adherence to the prescribed procedure that requires notice. Velez v. City of Jersey City, 180 N.J. 284, 294 (2004). Claimants must provide notice to public entities and its employees even

if they assert intentional torts. Ibid. Accordingly, the trial court correctly dismissed count nine with prejudice for failure to state a claim and failure to serve timely notice under the TCA.

To the extent we have not specifically addressed any remaining arguments raised by plaintiff, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3707-20